**John E. THOMPSON, Appellant.**

v.

**James PURKETT, State of Missouri; Appellees.**

**No. 89–1684.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1990.

Decided April 18, 1990.

Mark F. Krause, Kansas City, Mo., for appellant.

Anne E. McIntosh, Jefferson City, Mo., for appellees.

Before McMILLIAN, FAGG, Circuit Judges, and STROM,* Chief Judge.

STROM, Chief Judge.

John Thompson appeals the denial of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges ineffective assistance of counsel in trial counsel's failure to call certain witnesses. Thompson was convicted of burglary in Missouri state court based on eyewitness identification. The eyewitness identification was based

---

* The HONORABLE LYLE E. STROM, Chief Judge, United States District Court for the District of Nebraska, sitting by designation.

partially upon missing teeth. Appellant asserts that the testimony of the witnesses could have established that he lost his teeth in a boating accident which occurred subsequent to the eyewitness identification.

 To succeed on a claim of ineffective assistance of counsel, appellant must demonstrate that his counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He must also show that the attorney's deficient performance prejudiced his defense. *Id.* at 687, 104 S.Ct. at 2064. In order to make that showing, appellant must demonstrate that, but for counsel's unprofessional errors, there is a reasonable likelihood that the outcome of his trial would have been different. *Id.* Appellant has failed to meet this test.

We have reviewed the record and conclude that an opinion would have no precedential value. We affirm for the reasons stated in the district court opinion. *See* 8th Cir.R. 14.